**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


FERMIN ALBERTO GARCIA,

      Petitioner,

-vs-                                Case No.  8:03-CR-458-T-30MAP

UNITED STATES OF AMERICA,

      Respondent.

_____/

**<u>ORDER</u>**

      This matter comes before the Court upon receipt of Petitioner's Notice of Appeal (Dkt. 120) of the November 1, 2006 order denying his petition for a Writ of *Audita Querela* Pursuant to 28 U.S.C. § 1651 and an Application to Proceed Without Prepayment of Fees (Dkt. 121). Petitioner is challenging a 2004 conviction for a drug-related charge (Dkt. 118).

      The petition for writ of *audita querela* is the functional equivalent of a motion to vacate Petitioner's conviction. A review of the record revealed that Petitioner had previously sought collateral relief in a motion filed pursuant to 28 U.S.C. § 2255, which the Court found to be barred by the one-year limitations period, *see* Dkt. 108. Petitioner has failed to show that he obtained an order from the circuit court authorizing this Court to consider his petition prior to initiating this action. *See* 28 U.S.C. §§ 2244(b)[1] and 2255. Concluding that Petitioner was attempting to circumvent the restrictions on second or successive § 2255 motions by styling

---

[1]Title 28 U.S.C. § 2244(b)(3)(A) provides, in pertinent part, that before a second or successive application for habeas corpus relief is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

his request for relief as a petition for a writ of *audita querela*,[2] the Court denied the petition. *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) ("[A] writ of *audita querela* may not be granted when relief is cognizable under § 2255.").

The Court construes the Notice of Appeal as a motion for issuance of a certificate of appealability pursuant to Rule 22, Fed. R. App. P.,[3] and 28 U.S.C. §2253[4] (Dkt. 129).  To obtain a certificate of appealability where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). When the district court has rejected a claim on procedural grounds, to obtain a certificate of appealability, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam). "The question is the debatability of the underlying constitutional claim, not the resolution of that debate."

---

[2]Petitioner filed a § 2255 motion challenging his 2004 conviction on October 11, 2005.  *See Garcia v. United States*, Case No. 8:05-CV-1892-T-30MAP (M.D. Fla. 2006).  The motion was denied and the case dismissed on February 2, 2006.  CR Dkt. 108.

[3]"Certificate of Appealability.  (1) In a . . . 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."  Rule 22, Fed. R. App. P.

[4]"[I]n . . . a proceeding under section 2255 . . , the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. . . . (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- . . .(B) the final order in a proceeding under section 2255. . . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).

*Gonzalez v. Sec. for Dep't of Corrs.*, 366 F.3d 1253, 1267 (11th Cir. 2004) (quoting *Miller-El*, 537 U.S. 322, 342 (2003)).

Because Petitioner moved in his petition to vacate his sentence and he previously had filed a § 2255 motion that was denied as barred by § 2244(d)'s limitations period, without authorization from the circuit court, this Court lacks jurisdiction to consider his petition. *See Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003). Petitioner has failed to demonstrate that reasonable jurists would find the Court's assessment of either the petition or the claims asserted therein debatable or wrong. *See Slack*, 529 U.S. at 484.

ACCORDINGLY, the Court **ORDERS** that:

1.      Petitioner's Notice of Appeal (Dkt. 120), which the Court has construed as a motion for issuance of a certificate of appealability **(Dkt. 129)**, is **DENIED**.

2.      The Application to Proceed Without Prepayment of Fees **(Dkt. 121)** is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on January 5, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:jsh

Copies furnished to:
*Pro Se* Petitioner
AUSA Maria Chapa Lopez